15-1296-cv
J.C. v. New York City Department of Education

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 16th day of March, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
                     *Circuit Judges*.
             RICHARD K. EATON,*
                     *Judge*.

_____

J.C., individually and on behalf of C.C., J.F., individually and on behalf of C.C.,

                     *Plaintiffs-Appellants*,

             v.                                              15-1296-cv

NEW YORK CITY DEPARTMENT OF EDUCATION,

                     *Defendant-Appellee*.

_____

Appearing for Appellant:     Tracey Spencer Walsh, New York, NY.

Appearing for Appellee:      Jonathan A. Popolow, of counsel (Richard Dearing, of counsel, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

---

* The Honorable Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (Gardephe, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiffs-appellants J.C. and J.F. appeal from the March 31, 2015 opinion and order of the district court for the Southern District of New York (Gardephe, *J.*), granting defendant-appellee New York City Department of Education's motion for summary judgment and denying plaintiffs-appellants' motion for summary judgment on plaintiffs' suit seeking, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*, private school tuition reimbursement for the 2011-2012 school year for their child, C.C. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Plaintiffs first argue that we should defer to the conclusions of the Impartial Hearing Officer ("IHO") instead of the State Review Officer ("SRO") because the SRO's decision was not careful or thorough. But where, as here, "the IHO and SRO disagree, we defer to the reasoned conclusions of the SRO as the final state administrative determination." *C.F. ex rel. R.F. v. N.Y.C. Dep't of Educ.*, 746 F.3d 68, 77 (2d Cir. 2014) (internal quotation marks omitted). "[W]here the SRO's determinations are insufficiently reasoned to merit deference, the courts should defer to the IHO's analysis," *id.*, but that is simply not the case here. We therefore defer to the SRO's analysis on issues it reached.

We next turn to the merits of plaintiffs' claim for reimbursement. When parents unilaterally enroll their child in a private school, we apply the three-part *Burlington-Carter* test to determine whether they should be reimbursed. Under the test, we look at "(1) whether the school district's proposed plan will provide the child with a free appropriate public education [("FAPE")]; (2) whether the parents' private placement is appropriate to the child's needs; and (3) a consideration of the equities." *Id.* at 73.

We conduct a two-part inquiry under the first prong of the *Burlington-Carter* test. "At the first step, courts examine whether there were procedural violations of the IDEA, namely, 'whether the state has complied with the procedures set forth in the IDEA.'" *R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 190 (2d Cir. 2012) (quoting *Cerra v. Pawling Cent. Sch. Dist.*, 427 F.3d 186, 192 (2d Cir. 2005)). "Courts then examine whether the [Individualized Education Plan ("IEP")] was substantively adequate, namely, whether it was reasonably calculated to enable the child to receive educational benefits." *Id.* (alteration and internal quotation marks omitted). If an IEP is substantively inadequate, parents are "automatically entitle[d] . . . to reimbursement." *Id.* "Procedural violations, however, only [entitle a parent to reimbursement] if they 'impeded the child's right to a [FAPE],' 'significantly impeded the parents' opportunity to participate in the decisionmaking process,' or 'caused a deprivation of educational benefits.'" *Id.* (second alteration in original) (quoting 20 U.S.C. § 1415(f)(3)(E)(ii)). "Multiple procedural violations may cumulatively result in the denial of a FAPE even if the violations considered individually do not." *Id.*

2

We first address the procedural violations of the IDEA. First, it is undisputed that the IEP failed to provide for parent training and counseling, and that this constituted a procedural violation of the IDEA and New York state law. *See C.F.*, 746 F.3d at 81. But this is a "less serious" procedural violation, and the "failure to provide counseling ordinarily does not result in a FAPE denial or warrant tuition reimbursement." *M.W. ex rel. S.W. v. N.Y.C. Dep't of Educ.*, 725 F.3d 131, 141-42 (2d Cir. 2013) (internal quotation marks omitted). We defer to the SRO's soundly reasoned conclusion that this omission, on its own, did not result in a FAPE denial.

We next address the Local Committee on Special Education's ("CSE") failure to conduct a functional behavioral assessment ("FBA") or develop a behavioral intervention plan ("BIP"). "New York regulations require the department to conduct an FBA for a student 'whose behavior impedes his or her learning or that of others.'" *R.E.*, 694 F.3d at 190 (quoting N.Y. Comp. Codes. R. & Regs. tit. 8 § 200.4(b)(1)(v)). "The failure to conduct an adequate FBA is a serious procedural violation because it may prevent the CSE from obtaining necessary information about the student's behaviors, leading to their being addressed in the IEP inadequately or not at all." *Id*. Such a failure also "seriously impairs substantive review of the IEP because courts cannot determine exactly what information an FBA would have yielded and whether that information would be consistent with the student's IEP." *Id.* "The failure to conduct an FBA will not always rise to the level of a denial of a FAPE, but when an FBA is not conducted, the court must take particular care to ensure that the IEP adequately addresses the child's problem behaviors." *Id.* "Failure to conduct an FBA . . . does not render an IEP legally inadequate under the IDEA so long as the IEP adequately identifies a student's behavioral impediments and implements strategies to address that behavior." *M.W.*, 725 F.3d at 140. Further, "we have decided that whether an IEP adequately addresses a disabled student's behaviors and whether strategies for dealing with those behaviors are appropriate are precisely the type of issues upon which the IDEA requires deference to the expertise of the administrative officers." *Id.* (alteration and internal quotation marks omitted). Having considered the record evidence, we find no error in the SRO's conclusion that the failure to conduct an FBA or develop a BIP did not deny C.C. a FAPE. Finally, we affirm the SRO's conclusion that these procedural violations did not cumulatively deny C.C. a FAPE.

Having concluded that no procedural violation deprived C.C. of a FAPE, we turn to the question of whether the IEP was substantively adequate. Plaintiffs argue that we should consider evidence that the classroom C.C. would have been placed in did not contain an appropriate grouping of students under the IDEA or New York state law. However, our precedent bars us from considering such retrospective evidence. First, in *R.E.*, our Court held that, "[i]n determining the adequacy of an IEP, both parties are limited to discussing the placement and services specified in the written plan and therefore reasonably known to the parties at the time of the placement decision." 694 F.3d at 187. Further, we held that "our evaluation must focus on the written plan offered to the parents," and "[s]peculation that the school district will not adequately adhere to the IEP is not an appropriate basis for unilateral placement." *Id.* at 195. In *M.O. v. New York City Department of Education*, 793 F.3d 236 (2d Cir. 2015), our Court held that, under *R.E.*, parents could bring challenges based on the assigned school's actual, and non-speculative, inability to comply with the IEP without first enrolling their child in the deficient school. *Id.* at 244. But grouping evidence is not the kind of non-speculative retrospective evidence that is permissible under *M.O.* The school possessed the capacity to provide an appropriate grouping for

3

C.C., and plaintiffs' challenge is best understood as "[s]peculation that the school district [would] not [have] adequately adhere[d] to the IEP." *R.E.*, 694 F.3d at 195.

Finally, plaintiffs argue that the Department of Education's failure to adequately notify them of the summer school relocation rendered the IEP substantively inadequate. We affirm the district court's holding that it did not, for substantially the same reasons as those stated in its well-reasoned opinion.

We have considered the remainder of plaintiffs' arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
