*Rivas v. Ramos*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of December, two thousand twenty-four.

Present:
> GUIDO CALABRESI,
> MICHAEL H. PARK,
> ALISON J. NATHAN,
> *Circuit Judges.*

---

CLAUDIA RIVAS,

> *Plaintiff-Appellant,*

> v.                                                          24-268

MELISSA AVILES RAMOS, NEW YORK CITY DEPARTMENT OF EDUCATION,

> *Defendants-Appellees.*[*]

---

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | RORY J. BELLANTONI (*with* Peter G. Albert *on the brief*), Brain Injury Rights Group, Ltd., New York, N.Y. |
| FOR DEFENDANTS-APPELLEES: | GEOFFREY E. CURFMAN (*with* Ingrid R. Gustafson *on the brief*), Assistant Corporation Counsel, *for* Muriel Goode- |

---

[*] The Clerk of Court is respectfully directed to amend the caption accordingly.

Trufant, Acting Corporation Counsel of the City of New York, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Liman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Claudia Rivas appeals from the district court's grant of summary judgment to Defendants on her claim for tuition reimbursement under the Individuals with Disabilities Education Act. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The district court granted Defendants' motion for summary judgment because it found that S.C., Rivas's disabled child, was not denied a Free Appropriate Public Education ("FAPE"). The district court explained that the administrative record supported the conclusions of the Independent Hearing Officer and the State Review Officer that S.C.'s Individualized Education Program ("IEP") was adequate.

Mindful of "our lack of specialized knowledge and educational expertise," we conduct "a circumscribed *de novo* review of [the] district court's grant of summary judgment." *M.W. ex rel. S.W. v. N.Y.C. Dep't of Educ.*, 725 F.3d 131, 138 (2d Cir. 2013). Our review "seeks to independently verify that the administrative record supports the district court's determination that a student's IEP was adequate." *Id.*

Rivas argues that S.C. was denied a FAPE for four reasons. First, Rivas claims that S.C. was placed at a wheelchair-inaccessible school. But as the district court recognized, Rivas

2

waived this point by not raising it in her Due Process Complaint ("DPC").[1]   *See R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 188 n.4 (2d Cir. 2012) ("[P]arents must state all of the alleged deficiencies in the IEP in their initial due process complaint.").   While we have said that the IDEA's "waiver rule is not to be mechanically applied," *C.F. ex rel. R.F. v. N.Y.C. Dep't of Educ.*, 746 F.3d 68, 78 (2d Cir. 2014), that is true only when an alleged deficiency is "not completely absent from the due process complaint."   *B.P. v. N.Y.C. Dep't of Educ.*, 634 F. App'x 845, 850 (2d Cir. 2015).   Here, Rivas's DPC made no mention of wheelchair accessibility.

Second, Rivas argues that S.C.'s IEP would have inappropriately placed him in a class with autistic students.   This argument fails because "challenges to a school district's proposed placement school . . . cannot be based on mere speculation."   *M.O. v. N.Y.C. Dep't of Educ.*, 793 F.3d 236, 244 (2d Cir. 2015).   Here, S.C. never attended his assigned school, so there is no way to know which students would have been in his class.   Rivas lacks "the kind of non-speculative retrospective evidence" needed to show S.C. was denied a FAPE.   *J.C. v. N.Y.C. Dep't of Educ.*, 643 F. App'x 31, 33 (2d Cir. 2016).

Third, Rivas argues that a regular-length school day did not offer enough instructional time for S.C. to receive the services recommended in his IEP.   But as the district court explained, this overlooks that S.C.'s services could have been provided on a push-in basis during regular class time.   We see no reason to doubt whether push-in services are "likely to produce progress that is

---

[1] That a party is typically precluded from raising issues not included in their DPC is best understood as a rule of forfeiture, not waiver. *See United States v. Olano*, 507 U.S. 725, 733 (1993) ("Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." (quotation omitted)).   But case law in this context has used the term "waiver," so we adopt it here for consistency.

more than trivial advancement." *Doe v. E. Lyme Bd. of Educ.*, 962 F.3d 649, 663 (2d Cir. 2020) (quotations omitted).

Finally, Rivas argues that S.C. was denied a FAPE because his IEP did not include music therapy. On this point, we defer to the IHO's and SRO's conclusions that the benefits of music therapy could have been realized through other interventions. The IDEA "guarantees . . . an appropriate education, not one that provides everything that might be thought desirable by loving parents." *Walczak v. Fla. Union Free Sch. Dist.*, 142 F.3d 119, 132 (2d Cir. 1998) (cleaned up).

We have considered Rivas's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
